UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.: 3:20-CR-0041** |
| VS. | JUDGE TERRY A. DOUGHTY |
| **JOSE LUIS SOSA-ALMONTES** | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM RULING

Defendant Jose Luis Sosa-Almontes moves for a reduced sentence. [Doc. No. 96]. The United States of America (hereafter, "the Government") opposes the motion. [Doc. No. 98]. Defendant did not file a reply. For reasons below, Defendant's motion is **DENIED** for failure to exhaust administrative remedies.

The Fifth Circuit Court of Appeals has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule before prisoners may move for reduction in sentence. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020). Satisfaction of this claim-processing rule occurs when the prisoner files a request for sentence reduction and either the Bureau of Prisons denies the request or fails to respond within thirty (30) days of the request. 18 U.S.C. § 3582(c)(1).

Here, Defendant did not exhaust any administrative remedies. He does not provide any documentation showing (i) that he made a request for sentence reduction, and the Bureau of Prisons denied his request or (ii) that he made such a request, and his request was unanswered after 30 days. And according to the Government:

1

> [D]efendant makes no mention in his motion that he has exhausted his administrative requests. He also did not file an administrative request with the BOP or the Warden for FCI Oxford and has shown no evidence of the contrary. The Government has confirmed with BOP that no actions have been sent to either the Warden at FCI Oxford or with the BOP. As the defendant has failed to exhaust his administrative remedies, his motion for compassionate release must be dismissed without prejudice.

[Doc. No. 98, p. 5].

While the Government asks the Court to dismiss the instant motion because "defendant has not exhausted his administrative remedies, and because that requirement is mandatory," the Government appears to prefer that the Court deny the motion on grounds that Defendant "cannot establish extraordinary and compelling reasons[.]" [Doc. No. 98, p. 1]. However, as the Government notes, exhaustion is mandatory, and the Court "must dismiss the motion." *Id.* "[B]ecause the government properly raised [18 U.S.C. § 3582(c)(1)(A)] in the district court, this court *must* enforce the rule." *Franco*, 973 F.3d at 468 (internal quotation marks and quoted source omitted).

Because Defendant Jose Luis Sosa-Almontes has failed to exhaust administrative remedies, his Motion, [Doc. No. 96], is **DENIED**.

MONROE, LOUISIANA, this 17th day of November, 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

2